UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------
VANESSA STEPHENS,

                Plaintiff,

      -against-

UNITED STATES OF AMERICA and DANIELA COSTA,

                Defendants.
------------------------------------------------------------

**MEMORANDUM & ORDER**
**23-CV-3972 (NGG) (MMH)**

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Vanessa Stephens ("Stephens"), a resident of Queens County, New York, filed this negligence action against Defendants United States of America (the "United States") and Daniela Costa ("Costa") (collectively, "Defendants") in the Eastern District of New York. Plaintiff's claims arise from a vehicular accident between a United States Postal Service ("USPS") vehicle, Defendant Costa, and Plaintiff, which occurred in Middlesex County, New Jersey on August 8, 2021. (Compl. (Dkt. 1) ¶¶ 2-3.) Plaintiff brings negligence claims against the United States under the Federal Tort Claims Act ("FTCA") and against Costa. (*Id.* ¶¶ 2, 32-38.) Defendant United States now moves to transfer this case to the District of New Jersey under 28 U.S.C. § 1404(a). (*See* Def. Mot. to Transfer Venue ("Mot.") (Dkt. 24-1) at 1.) For the reasons discussed below, the Defendant's motion to transfer is GRANTED.

I. **BACKGROUND**

On August 8, 2021, Plaintiff Stephens was driving on Route 35 South in Middlesex County, New Jersey, when a collision occurred between Defendants' vehicles and Plaintiff's vehicle. (*See* Compl. ¶¶ 30-31; Ex. A to Decl. of Meghan Shaver ("Sayreville Police Report") (Dkt. 24-3).) The police report states that USPS

1

driver and employee of Defendant United States, James M. Arillo, was "looking for [an] address" and failed to notice Plaintiff braking in front of him. (Sayreville Police Report at 3.) As a result, Arillo rear-ended Plaintiff, which pushed Plaintiff's vehicle into Defendant Costa's vehicle. (*Id.*; Compl. ¶ 3.)

At the time of the accident, both Costa and Arillo were residents of New Jersey. (Sayreville Police Report at 1-2.) Arillo remains a New Jersey resident and a USPS employee based at the South Amboy Post Office, (Decl. of Meghan Shaver ("Shaver Decl.") (Dkt. 24-2) ¶ 3), and Costa continues to reside in New Jersey. (Def. Costa Answer and Cross-Claim (Dkt. 5) at 1 (admitting that Costa is a resident of New Jersey).) The USPS vehicle involved in the accident is currently located at a New Jersey maintenance facility, and the USPS supervisor who investigated the accident, Matthew Bryan Wanko, is now Postmaster at the South Amboy Post Office. (Shaver Decl. ¶¶ 4, 7.)

Plaintiff is a resident of Queens County, in the Eastern District of New York, and sustained physical injuries from the accident. (Compl. ¶¶ 1, 33.) Following the accident, Plaintiff filed the instant lawsuit against Defendants United States and Costa on May 30, 2023. (*See generally id.*) She seeks monetary damages under the FTCA for loss of property and personal injuries allegedly caused by the negligent acts of the Defendants. (*Id.* ¶ 2.)

On October 30, 2023, this court granted leave for Defendant United States to file its motion to transfer. (*See* Min. Entry dated 10/30/2023.) Plaintiff Stephens opposes the motion. (*See* Pl.'s Opp. to Mot. ("Opp.") (Dkt. 25) ¶ 3.)

## II. LEGAL STANDARD

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The statute requires a two-part analysis.

2

First, courts ask whether the action "might have been brought" in the district to which transfer is sought. *Ahmed v. T.J. Maxx Corp.*, 777 F. Supp. 2d 445, 448 (E.D.N.Y. 2011). Second, courts determine whether the "convenience of parties and witnesses and the interest of justice" favor transfer. *Sebrow v. Zucker, Goldberg & Ackerman, LLC*, No. 10-CV-4767 (NGG) (RLM), 2012 WL 911552, at *3 (E.D.N.Y. Mar. 16, 2012).

"[M]otions for transfer lie within the broad discretion of the district court and are determined upon notions of convenience and fairness on a case-by-case basis." *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 117 (2d Cir. 1992). Thus, courts often consider the following nine factors in assessing section 1404(a) motions:

> (1) convenience of the witnesses; (2) convenience of the parties; (3) locus of operative facts; (4) availability of process to compel the attendance of unwilling witnesses; (5) location of relevant documents and other sources of proof; (6) relative means of the parties; (7) relative familiarity of the forum with the governing law; (8) weight accorded to plaintiff's choice of forum, and (9) the interests of justice.

*Erickson v. MGM Grand, Inc.*, 13-CV-564 (NRB), 2014 WL 12774971, at *3 (S.D.N.Y. June 25, 2014).

The movant bears the burden of demonstrating that transfer is warranted, and courts in this Circuit typically require clear and convincing evidence in favor of transfer. *See N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 114 (2d Cir. 2010) (collecting cases).

### III. DISCUSSION

#### A. Whether Action Could Have Been Filed in the District of New Jersey

The FTCA allows claims to be filed "where the plaintiff resides [or where] the act or omission complained of occurred." 28

3

U.S.C. § 1402(b). Neither party disputes that the "act or omission" underlying Plaintiff's Complaint occurred in New Jersey, so § 1402(b) is satisfied in the District of New Jersey. *See Barry v. United States*, No. 21-CV-7684 (BCM), 2022 WL 4467504, at *5 (S.D.N.Y. Sept. 26, 2022) (explaining that the first part of the analysis is clear-cut because the relevant acts or omissions took place in the district to which transfer is sought).

### B. Whether Convenience and the Interest of Justice Favor Transfer

The United States argues for transfer to the District of New Jersey because the convenience of the witnesses and parties, the locus of operative facts, the forum's familiarity with governing law, and the interest of justice favor transfer. (*See* Mot. at 3-9.) Plaintiff counters that her choice of forum should be preserved, particularly given the Eastern District of New York's proximity to the location of the incident. (Opp. ¶ 20.) Using the factors set forth above, the court addresses the parties' competing arguments below.

#### 1. Convenience of the Witnesses

The Government submits, through the declaration of Meghan Shaver, an Attorney in the General Law Service Center of USPS, that many of witnesses in this case, including USPS driver Arillo and USPS Supervisor Mr. Wanko, who investigated the accident, are all based in New Jersey. (Shaver Decl. ¶¶ 2-5.) The court finds this persuasive to favor transfer.

Plaintiff Stephens in response argues that her treating physicians work and very likely reside in New York, and thus the weight afforded to witnesses residing in New Jersey must be reduced. (Opp. ¶¶ 33-34.) While that may be true, Plaintiff provides no reason for why these individuals could not travel to New Jersey or be permitted to testify remotely. *See, e.g., Fulton v. Newkirk*, No. 20-CV-05479 (FB) (PK), 2021 WL 3037592, at *4 (E.D.N.Y.

4

July 19, 2021) (clarifying that medical testimony of treating physicians may be obtained by video). Indeed, she argues that all non-party witnesses could testify remotely in support of her argument that venue is proper in New York. (Opp. ¶ 32.) Nor has Plaintiff established how many physicians are expected to testify or where they reside, as opposed to where their offices are located. (*See id.* ¶ 33 (noting that her treating physicians "very likely reside in New York").)

Although the "[c]onvenience of both the party and non-party witnesses is probably the single-most important factor in the analysis," *Doe #1 v. JetBlue Airways Corp.*, No. 19-CV-1542 (NGG) (CLP), 2020 WL 4605216, at *7 (E.D.N.Y. Aug. 11, 2020), the court is mindful that the Eastern District of New York is relatively close to the accident site, and traveling from New Jersey to Brooklyn would not be a major inconvenience to any of the witnesses identified. Further, where all identified witnesses reside in New Jersey, the convenience of the witnesses slightly favors transfer.

### 2. Convenience of the Parties

The United States argues its preference for litigating in New Jersey by filing this motion. Although the United States asserts that New Jersey is a more convenient venue for co-Defendant Costa because of her New Jersey residence, (Mot. at 6-7), Costa has not taken a position on the matter. (*See id.* at 7; Opp. ¶ 26). However, the court acknowledges that Defendant Costa is also a New Jersey resident. (Sayreville Police Report at 2; Def. Costa Answer and Cross-Claim at 1.) Yet, the Eastern District is a more convenient venue for Plaintiff, who opposes transfer and lives in this district. (Opp. ¶ 20.) Thus, with one party requesting transfer, one party opposing, and one party presumably ambivalent, the convenience of the parties does not weigh strongly in either direction.

5

### 3. Locus of Operative Facts

"Courts traditionally give significant weight to the locus of the operative facts of a case and routinely transfer cases when the principal events occurred in another district and the principal witnesses are located there." *Fulton*, 2021 WL 3037592, at *3. When determining "where the locus of operative facts lies, courts look to the site of events from which the claim arises." *Id.*

Given the accident occurred entirely in New Jersey, the locus of operative facts weighs in favor of transfer. *See id.* (noting that in the case of vehicle collisions, courts often determine that the place of the accident is the only locus of operative facts (emphasis added)).

### 4. Ability to Compel the Attendance of Unwilling Witnesses

The majority of the potential witnesses in this case reside in New Jersey, which would normally weigh in favor of transfer. However, it is also the case that all identified witnesses appear to live or work within 100 miles of this court, placing them within the Eastern District's civil subpoena power. *See* Fed. R. Civ. P. 45(c)(1)(A). Accordingly, the court finds this factor to be neutral.

### 5. Location of Documents and Other Sources of Proof

The United States concedes that it is unaware of any documents that may only be viewed in hard copy in New Jersey. (Mot. at 9.) Thus, it appears that most, if not all, relevant records are likely stored electronically. However, the USPS vehicle is currently located in New Jersey, and Defendant Costa's car is likely also located in New Jersey. (*Id.*) Given that two of the three vehicles representing the physical evidence in this case are likely located in New Jersey, this factor slightly weighs in favor of transfer.

6. Relative Means of the Parties

Where disparity exists between the parties, the relative means of the parties may be considered. *See Fulton*, 2021 WL 3037592, at *3 (observing a disparity between the parties where an individual plaintiff sues a large corporation). In order to raise a relative means argument, a party "must offer documentation to show that transfer would be unduly burdensome to [their] finances." *Dickerson v. Novartis Corp.*, 315 F.R.D. 18, 31 (S.D.N.Y. 2016). Here, the court acknowledges that the means of the United States undoubtedly exceed those of the Plaintiff. Because the Plaintiff has not argued that traveling to New Jersey is a hardship, much less presented any documentation, the relative means of the parties only slightly favor retaining venue in New York.

7. Familiarity with Governing Law

The FTCA gives federal courts jurisdiction over civil actions against the United States for negligence "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Borley v. United States*, 22 F.4th 75, 78 (2d Cir. 2021) (citing 28 U.S.C. § 1346(b)(1)). "Thus, in an FTCA action, courts are bound to apply the law of the state where the tort occurred[.]" *Borley*, 22 F.4th at 78. As the accident occurred in New Jersey, New Jersey law will apply to Plaintiff's claims, including her FTCA claims against the United States.

"While this court is of course capable of applying New Jersey law . . . the District of New Jersey would be more familiar with local law and potentially, for that reason, more efficient." *Glotser v. Boardwalk Regency LLC*, No. 20-CV-2654 (JPC) (SLC), 2023 WL 2162063, at *7 (S.D.N.Y. Feb. 22, 2023). As such, this factor weighs slightly in favor of transfer.

### 8. Weight Accorded to Plaintiff's Choice of Forum

Plaintiff is correct that her choice of forum is entitled to "great weight." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 107 (2d Cir. 2006). (*See also* Opp. ¶ 36.) The weight accorded to this factor, however, "is significantly diminished where, as here, the operative facts have no connection to the chosen district." *Glotser*, 2023 WL 2162063, at *7.

Here, Plaintiff asserts that her residence in New York and the location of her treating physicians provide significant support for venue in this district. (Opp. ¶¶ 20, 33-34.) Yet, courts in this district have previously held that these facts provide "no connection to the events giving rise to the present action" and should thus be given "minimal weight." *See, e.g., Fulton*, 2021 WL 3037592, at *2; *Hernandez v. Graebel Van Lines*, 761 F. Supp. 983, 990-91 (E.D.N.Y. 1991). Accordingly, this factor slightly weighs in favor of retaining venue in New York.

### 9. Judicial Economy and the Interest of Justice

Lastly, as minimal discovery has been conducted, and no substantive motions have been decided, "the case is at its earliest stages . . . . [t]hus, there would be little loss in judicial economy by transferring the case." *Barry*, 2022 WL 4467504, at *8.

As for the interest of justice, New Jersey is the more suitable forum to hear this case. The only substantive connection between the incident and this district is that Plaintiff resides here. Accordingly, this factor weighs in favor of transfer.

In sum, two factors weigh in favor of retaining venue in New York, two factors are neutral, and the remaining five factors weigh in favor of transfer. The court therefore concludes that, on balance, it would be in the interest of justice to transfer this case to the District of New Jersey.

## IV. CONCLUSION

For the reasons discussed in this Memorandum & Order, convenience and the interest of justice favor transferring this case to the District of New Jersey, pursuant to 28 U.S.C. § 1404(a). Accordingly, the Defendant's motion to transfer is GRANTED.

SO ORDERED.

Dated: Brooklyn, New York
August 9, 2024

                                                  s/Nicholas G. Garaufis
                                                  NICHOLAS G. GARAUFIS
                                                  United States District Judge